NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Civ. No. 2:14-5238 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **THOMAS WONG,** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Malibu Media, LLC brings this action against Defendant Thomas Wong, alleging violations of the United States Copyright Act in connection with the alleged unauthorized downloading and distribution of Plaintiff's copyrighted movies. This matter comes before the Court, pursuant to Federal Rule of Civil Procedure 12(f), on Plaintiff's motion to strike Defendant's affirmative defenses for being insufficiently pled. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons below, Plaintiff's motion to strike is **DENIED**.

### I. BACKGROUND

      The Amended Complaint alleges that Defendant Thomas Wong violated the Copyright Act by downloading, copying, and distributing several films produced by Plaintiff, Malibu Media, LLC. Plaintiff claims that Defendant copied and distributed its films using the BitTorrent file distribution network ("BitTorrent"). ECF No. 8, Pl.'s Amended Compl. ¶ 32. BitTorrent operates by breaking down files into small pieces called bits, which are then exchanged between individual users. *Id.* at ¶ 12. Digital media files and bits are each assigned a unique hash value. *Id.* at ¶¶ 14, 16. When someone downloads a file using BitTorrent, individual bits are identified according to their individual hash value and routed to that user's hard drive. *Id.* at ¶

15. Then, the BitTorrent software assembles each bit into a complete file, using the file's hash number to ensure that the file is complete and accurate. *Id.* at ¶ 16.

Plaintiff alleges that its investigator, IP International UG, established a direct connection with Defendant's IP address. *Id.* at ¶ 17. The investigator downloaded bits from Defendant's IP address that corresponded to the hash value of twenty-three digital media files, each of which contained a copy of one of Plaintiff's copyrighted films. *See id.* at ¶ 21. Plaintiff then located Defendant's IP address using IP address geolocation technology. *Id.* at ¶ 5.

The Complaint includes a single count of copyright infringement, alleging unauthorized reproduction, distribution, performance, and display of Plaintiff's films in violation of 17 U.S.C. §§ 106 and 501. *Id.* at ¶ 30-35. Plaintiff seeks injunctive and declaratory relief, as well as statutory damages and attorney's fees. *Id.* at ¶ 35.

In his Answer, Defendant denied certain factual allegations that relate closely to the critical issue of infringement. Specifically, he denied Paragraph 19 of the Amended Complaint, which states, "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit A." He also denied Paragraph 32 of the Amended Complaint, which states, "By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit."

Defendant also raised the following eleven affirmative defenses: substantial non-infringing use, license, fair use, failure to mitigate, failure to state a claim, innocent intent, copyright misuse, estoppel, waiver, unclean hands, and laches. Plaintiff now moves to strike all defenses from the pleading, pursuant to Rule 12(f).

## II.  LEGAL STANDARD

Under Rule 12(f), the Court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are decided on the pleadings alone. *DeLa Cruz v. Piccari Press,* 521 F.Supp. 2d 424, 429 (*citing North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 159 (E.D. Pa. 1994)). In reviewing such a motion, the Court may exercise "considerable discretion." *Tonka Corp. v. Rose Art Indus., Inc.,* 836 F.Supp. 200, 217 (D.N.J. 1993). Although 12(f) motions may promote efficiency by eliminating defenses that will not affect a case's outcome, *see Garlanger v. Verbeke,* 223 F.Supp. 2d 596, 609 (D.N.J. 2002), courts are reluctant

to grant such motions so as to avoid an evaluation of a defense's merits prior to discovery. *See Malibu Media, LLC v. Does 1*, No. CIV.A. 12-2078, 2013 WL 1702549, at *2 (E.D. Pa. Mar. 6, 2013). Accordingly, a court should strike an affirmative defense only if its insufficiency is "clearly apparent." *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D.N.J. 2014).

An affirmative defense is insufficient if it is inapplicable to the cause of action, or if "it could not possibly prevent recovery under any pleaded or inferable set of facts." *Id.* at 97. In addition, a motion to strike should not be granted unless the moving party can also show prejudice. *See United States v. Kramer*, 757 F. Supp. 397, 409 (D.N.J. 1991). A plaintiff may establish prejudice by showing that the defense will "substantially complicate the discovery proceedings and the issues at trial." *See Newborn*, 299 F.R.D. at 99 (*quoting Louisiana Sulphur Carriers, Inc. v. Gulf Res. & Chem. Corp.*, 53 F.R.D. 458, 460 (D. Del. 1971)).

### III. DISCUSSION

#### A. License, Fair Use, and Innocent Intent

Plaintiff's best argument is that three of the affirmative defenses – license, fair use, and innocent intent – should be stricken because they are logically inconsistent with Defendant's denials of Paragraphs 19 and 32 of the Amended Complaint. License, fair use, and innocent intent are all defenses that excuse acts of copying and distribution of copyrighted works. Plaintiff argues that logic does not permit Defendant to deny copying and distributing copyrighted works in the Answer while simultaneously invoking affirmative defenses which excuse acts like copying and distribution.

To strike these defenses would be to rush the legal proceedings. Defendant denied that he "downloaded, copied, and distributed a complete copy of Plaintiff's (twenty-three) movies without authorization." Pl.'s Amended Compl. ¶ 32. This is a factually dense sentence, and Defendant's blanket denial may mean that he admits to doing some of the things in the sentence, but not all of them. For example, his denial permits the inference that he downloaded and distributed fewer than the twenty-three movies alleged in Paragraph 19; or that he downloaded all of them but without knowingly distributing them. If Defendant did some of these things, he might be entitled to assert the affirmative defenses of license, fair use, and innocent intent. For these reasons, the insufficiency of these defenses is not "clearly apparent," and it would not be prudent to strike the defenses without any discovery.

3

### B. Sufficiency of the Pleadings

Plaintiff also argues that Defendant's affirmative defenses are insufficiently pled. Under Rule 8(c), a defendant must "affirmatively state" a defense. In addition, courts have held that an affirmative defense must give fair notice of the issues that will be raised at trial.[1] *See Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011). An affirmative defense that "alerts the adversary to the existence of the issue" satisfies this requirement. *Id.* Thus, fair notice does not require an explanation as to how the facts of the case give rise to the defense. *See id.* Here, Plaintiff argues that Defendant's affirmative defenses are insufficient because they do not plead factual allegations to establish the legal elements of each defense. Nevertheless, Defendant has affirmatively stated his defenses, providing Plaintiff notice of the existence of each issue. Therefore, the Court finds that all affirmative defenses have been sufficiently pled.

### C. Lack of Prejudice

Plaintiff argues that many of the defenses are either inadequately pled or clearly insufficient. However, other than making a conclusory statement that "insufficient and inapplicable affirmative defenses" would result in prejudice, Pl.'s Reply Brief at 7, Plaintiff has not indicated how these defenses would substantially complicate discovery or impede litigation. *See F.T.C. v. Hope Now Modifications, LLC*, No. CIV. 09-1204 JBS/JS, 2011 WL 883202, at *4 (D.N.J. Mar. 10, 2011) (declining to strike defenses absent a showing of prejudice, even assuming they were insufficient). Consequently, the Court declines to exercise its discretion to strike the affirmative defenses.

---

[1] Several other District Courts within the Third Circuit have found that the pleading standard defined in *Iqbal* and *Twombly* does not apply to affirmative defenses. *See, e.g.*, *F.T.C. v. Hope Now Modifications, LLC*, No. CIV. 09-1204 JBS/JS, 2011 WL 883202, at *3 (D.N.J. Mar. 10, 2011); *Charleswell v. Chase Manhattan Bank, N.A.*, No. CIV.A. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009); *Romantine v. CH2M Hill Engineers, Inc.*, No. CIVA 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009). This Court agrees.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to strike is **DENIED.** An appropriate order follows.

/s/ William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 16, 2015**